Greg W. Garrotto, State Bar #89542
LAW OFFICES OF GREG W. GARROTTO
1925 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone (310) 229-9200
Fax: 310-229-9209
E-Mail: jjggarrotto@msn.com

Attorneys for Plaintiffs
Rashiem Bolden, Shantag Scott

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHIEM BOLDEN, SHANTAG SCOTT, | ) Case No. |
| | ) |
| | ) COMPLAINT FOR DAMAGES |
| | ) BASED ON: |
| Plaintiffs, | ) |
| v. | ) 1) VIOLATIONS OF CIVIL RIGHTS |
| | ) (42 U.S.C. 1983 et. seq.) |
| CITY OF MURRIETA, a public entity; | ) |
| TRAVIS ALEXANDER, a public | ) DEMAND FOR JURY TRIAL |
| employee; DOES 1-10 | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |
| | ) |

## 1. JURISDICTION

1. This Court has jurisdiction of the within matter as this Complaint is

based on violations of Title 42 U.S.C. Section 1983 in that the Plaintiffs are

seeking redress for violations of their Civil Rights guaranteed under the 4th and

14th Amendments to the United States Constitution, to wit; protection against unlawful search and seizure; and, deprivation of life and liberty without due process of law.

## 2.  GENERAL ALLEGATIONS

1.  Plaintiffs Rashiem Bolden ("Bolden") and Shantag Scott ("Scott") are at all times mentioned in this Complaint residents of the County of Riverside, California.

2.  Plaintiffs are informed and believe and thereon allege that at all times Defendant City of Murrieta was a public entity and a Municipal Corporation or agency organized and existing by virtue of the laws and Constitution of the State of California.   The Murrieta Police Department was an agency of the Defendant City of Murrieta,  a public entity.

3.  Plaintiffs are informed and believe and thereon allege that Defendant Travis Alexander ("Alexander") and  Does 1-10 are public employees and police officers who are members of the City of Murrieta Police Department which is a part of and adjunct to the Defendant City of Murrieta.

4.  At all times mentioned herein, Defendants Does 1-10 were acting in the course and scope of their employment with the Defendants City of Murrieta and its agency the Murrieta Police Department.

5.  At all times herein, Does 6-10 were agents and employees of the

COMPLAINT FOR DAMAGES/DEMAND
FOR JURY TRIAL

Murrieta Police Department and in a supervisory position.  Said Defendants improperly supervised and trained Defendants Alexander and Does 1-5. Because of their training and supervision, Defendants Alexander and Does 1-5 acted in an objectively unreasonable manner and were deliberately indifferent to Plaintiffs' rights, violating Plaintiffs' constitutional rights under the 4th and 14th Amendments.

6.  Plaintiffs are presently unaware of the true names and capacities of those defendants sued herein as Does 1-10 Inclusive, and therefore sues said defendants by such fictitious names.  Plaintiffs will amend the within complaint to state the true names and identities of such defendants when the same have been ascertained. Each of the fictitiously named defendants herein is in some way legally responsible for the events and happenings as described below.

7.  Plaintiffs are further informed and believe, and thereon allege, that each of the defendants herein was the agent, employee and or co-venturer of each of the other defendants herein, and, at all material times, were acting herein within the course and scope of such relationship(s).

8.  On January 22, 2021, Defendants Alexander and Does 1-10 arrived at the home of Plaintiffs for the ostensible purpose of detaining and or arresting Plaintiff Scott on the basis of a warrant from the State of Florida.  At that time, Defendants and each of them knew that there was no legal basis by which Florida could

COMPLAINT FOR DAMAGES/DEMAND
FOR JURY TRIAL

extradite Plaintiff Scott on the basis of said warrant; yet Defendants used that spurious basis on which to detain and otherwise violate the constitutional rights of said Plaintiff.   Defendants Alexander and Does 1-10 in fact forced themselves into, entered into and conducted a search of Plaintiffs' premises without consent, or a warrant or any legal justification.

9.   Plaintiff Bolden arrived at the residence while Defendant Alexander and Does 1-10 were present.  He had been advised of the presence of the Defendants by Scott and had returned to his residence for the purpose of taking over the care and supervision of his four minor children; one daughter and three sons.   Plaintiff Bolden was prevented from taking custody of his children by the Defendants who detained and falsely arrested him on the basis that he had aided Plaintiff Scott in evading detention.  In order to avoid the detention of his children, Plaintiff Bolden attempted to contact his sister in law, an employee of the Riverside County Department of Child Protective Services and have the children placed in her custody.  Defendants and each of them wrongfully refused to allow Plaintiff Bolden to contact his sister-in-law and detained Plaintiff Bolden and facilitated the detention of his children by Riverside County Department of Child Protective Services relating to them false information.

10.   Plaintiff Bolden was detained in the Murrieta Police Department station for 3-4 hours.   Said detention was without legal justification as there had neither been probable cause nor reasonable suspicion to detain, arrest or search Plaintiff

COMPLAINT FOR DAMAGES/DEMAND
FOR JURY TRIAL

was without probable cause or reasonable suspicion.   Furthermore, Plaintiff

Bolden was never formally charged with any crime, said submission to the

relevant prosecuting authority being rejected.  Defendants and each of them during

the course of the detention and arrest of Plaintiff Bolden knew that there was

insufficient facts and evidence to charge the Plaintiff with any crime and further

knew that submission of proposed charges to the prosecuting authority, to wit, the

Riverside County District Attorney, would in fact result in rejection.

11.  On the basis of false information submitted by Defendants to the

Riverside County Department of Child Protection Services, the Plaintiffs' four

children were wrongfully detained.  It was only after two months and multiple

court appearances that the Plaintiffs' children were released to their custody.

12.  The acts of the Defendants and each of them were done with

oppression, malice and with deliberate indifference to the rights of Plaintiffs.

Defendants Travis Alexander and Does 1-10 have also purposefully harassed the

Plaintiffs on other occasions and threatened them with arrest, detention and or

extradition.  All of these actions are done with deliberate indifference of Plaintiffs'

rights under the United States Constitution.

13.  As a result of said unlawful conduct on the part of Defendants which

included unreasonable search and seizure, a violation of Plaintiffs' 4th Amendment

rights as well as unreasonable interference with Plaintiffs' relationship with their

children, which was a violation of Plaintiffs' 14th Amendment rights, the Plaintiffs

COMPLAINT FOR DAMAGES/DEMAND
FOR JURY TRIAL

were unlawfully subjected to great emotional distress and suffered other damages. All damages are in such amounts according to proof at the time of trial.

**3.  FIRST CAUSE OF ACTION FOR DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C., 1983, 1988) AS TO ALL DEFENDANTS**

14.    Plaintiffs herein incorporate paragraphs 1 through 13 as through set forth within this cause of action.

15.    This is a cause of  action for deprivation of constitutional rights under color of state law brought pursuant to the recodification of section 1979 of the Civil Rights Act of 1871, Title 42 U.S.C. §1983, for remedies for Defendants' deprivation of Plaintiffs' civil rights.  Plaintiffs allege that Defendants, each and all of them,  have deprived Plaintiffs of their civil rights by subjecting them to (1) unreasonable search and seizure without due process of law, in violation of their rights guaranteed under the 4th Amendment to the Constitution of the United States of America; and (2) depriving them of life and liberty without due process of law in violation of the 14th Amendment to the Constitution of the United States of America.

16.  The Defendants and each of them, acted with deliberate indifference which knowingly subjected the Plaintiffs to acts and injuries that constituted an unreasonable search and seizure and deprivation of life and liberty,   all in

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

violation of the Plaintiffs' rights guaranteed by the Fourth and Fourteenth

Amendments to the United States Constitution.  By this action, Plaintiffs seek all

legal and equitable relief to which they may be entitled, including but not limited

to compensatory and punitive damages, attorneys fees and costs, prejudgment

interest and injunctive relief against Defendants and each of them.

17.  At all times hereinafter mentioned, Defendants Alexander and  Does 1-

10 and each of them,  were acting as the agents and/or employees of the

Defendants City of Murrieta, and in doing all of the things aforementioned were

acting under color of their authority as such, and under color of the statutes,

ordinances, regulations, customs and usages of the Defendant City of Murrieta.

18.  Upon information and belief, the Defendants Alexander and Does 1-10,

and each of them engaged in a course of conduct over a period of time to harass

Plaintiffs as well as interfere with their right to live in a peaceful manner and

resulted in deprivation of life and liberty.  Because the wrongful acts took place

over substantial period of time, Plaintiffs are informed and believe that the

supervisorial Defendants, Does 6-10 as well as the policy makers of said police

department, knew, encouraged and ratified the wrongful actions of Defendants

Alexander and Does 1-5.  Said acts and omissions of Defendants 6-10 were

substantial factors in the violation of Plaintiffs' Fourth and Fourteenth

Amendment rights.

19.  At the time of said arrest of January 21, 2021, Defendants Alexander

COMPLAINT FOR DAMAGES/DEMAND
FOR JURY TRIAL

and 1-10 knew that there was no legal justification nor justification of law enforcement to detain and or arrest Plaintiffs or to take actions to detain their children and hand possession of them over to the Riverside County Department of Child Protection Services. Said Defendants further knew that there was no consent by Plaintiffs. The Defendants have no qualified immunity for their actions in that it was reasonably clear to the Defendants that their actions were unlawful.

20. The City of Murrieta further knew that the officers of said police department were not properly trained and did not properly supervise said officers and were aware that proposed charges were being submitted to the prosecuting authority with the probability that no charges would be filed. The failure to properly train officers such as Alexander and Does 1-10 and acquiesce in said officers' wrongful acts resulted in a ratification and defacto approval of said acts. The acts of the City of Murrieta and Does 1-5 were a substantial factor in causing the Plaintiffs' injuries and damages.

21. The actions of the defendants and each of them deprived the Plaintiffs of their constitutional rights guaranteed under the Fourth Amendment to the United States Constitution which prohibit unlawful search and seizure.

22. By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to him by the Constitution of the United States and the laws thereunder in that said arrest deprived the Plaintiffs of life and liberty without due process that is guaranteed under the Fourteenth Amendment to

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

the United States Constitution.

23.  As a result of the Defendants' actions against Plaintiffs, as alleged above, Plaintiffs have been harmed in that Plaintiffs has sustained great physical and mental pain and suffering and special and general damages, all in amounts according to proof at the time of trial.

24.  The above recited action of Defendants in depriving Plaintiffs of their constitutionally protected rights were done with evil motive or intent, or with reckless, callous and deliberate indifference to cause Plaintiff unnecessary and wanton infliction of pain.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For other special damages according to proof;

3.  For Punitive Damages against the individual Defendants in an amount appropriate to punish said Defendants for their wrongful conduct and set an example for others;

4.  For reasonable attorney fees pursuant to Title 42 U.S.C. Section 1988;

6.  For such other and further relief as the Court may deem just and proper.

Dated: 8/31/2022          LAW OFFICES OF GREG W. GARROTTO

/s/ Greg W. Garrotto
GREG W. GARROTTO

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs demand a trial by jury as to all claims so triable as of right.

Dated:  8/31/2022          LAW OFFICES OF GREG W. GARROTTO

/s/ Greg W. Garrotto
GREG  W. GARROTTO

COMPLAINT FOR DAMAGES/DEMAND
FOR JURY TRIAL